968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marion O'BRIEN, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY; Enron Corp. Long-Term
Disability Plan; Enron Corp. Retirement Plan; Enron Corp.
Medical Plan; Enron Corp. Dental Plan; Enron Corp. Life
Insurance Plan, Defendants-Appellees.
 No. 92-3015.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. O'Brien appeals the district court's determination that she was not totally disabled. We affirm.
 
 
 3
 Ms. O'Brien was employed by Enron Corp. as a maintenance person. Prior to this employment, Ms. O'Brien worked for eleven years as a beautician. As a result of surgery, Ms. O'Brien could no longer perform these two jobs; however, she was not totally disabled for certain other occupations such as clerical employment.
 
 
 4
 Ms. O'Brien was covered by an occupational disability policy written by Metropolitan Life Insurance Company (Metropolitan). This policy was a group policy issued to Enron. Ms. O'Brien commenced this action to recover long-term disability benefits under the policy.
 
 
 5
 As no disputed facts existed, all parties moved for summary judgment. The trial court concluded Ms. O'Brien was not disabled as that term is used in the Enron plan for defining long-term disability and granted summary judgment in favor of defendants. Ms. O'Brien appeals asserting the trial court's decision was erroneous as a matter of law. We review the district court's legal determinations under a de novo standard. Northern Natural Gas Co. v. Grounds, 931 F.2d 678, 681 (10th Cir.1991).
 
 
 6
 The language contained in the employee welfare benefit plan is plain and unambiguous. In order to receive the long-term disability benefits in question Ms. O'Brien had to demonstrate she was "totally disabled so as to be wholly prevented from engaging in any and every gainful occupation for which [s]he is reasonably fitted by education, training, or experience."
 
 
 7
 The evidence is uncontradicted that Ms. O'Brien could not perform those occupations that require lifting over thirty pounds, assuming cramped or unusual positions, bending, stooping, squatting, and operating heavy equipment. The evidence is also uncontradicted that Ms. O'Brien could perform a significant number of jobs.
 
 
 8
 The undisputed evidence clearly justifies the district court's conclusion: "[T]he evidence is uncontradicted that O'Brien is not totally disabled from gainful employment for which she is reasonably qualified by her education, experience, or training."
 
 
 9
 Ms. O'Brien asserts the plan requires only that she be unable to perform her particular occupation in order to be considered totally disabled. Ms. O'Brien asks us to liberally construe the plan language in her favor.
 
 
 10
 The flaw in Ms. O'Brien's argument is that the plan language before us is not ambiguous nor is it unclear. The plan language states Ms. O'Brien is not entitled to long-term disability benefits unless she is prevented from an employment for which she is fitted by education, training or experience. The undisputed evidence clearly establishes Ms. O'Brien is fully capable of performing other jobs for which she is reasonably fitted by education, training or experience. The tacit premise underlying Ms. O'Brien's arguments is factual, i.e., she does not have the education, training or experience that would qualify her for another job. The factual record on appeal simply does not support this premise.
 
 
 11
 The parties spend considerable time in their briefs arguing whether the district court's review of the denial of long-term disability is de novo or arbitrary and capricious. We need not resolve this issue as we agree with the trial court that "it is unnecessary to resolve the issue of the correct standard of review, since even under the narrower trial de novo, the uncontroverted facts do not establish total disability."
 
 
 12
 The definition of the term "disability" is clear, plain and unambiguous. The application of this definition to the facts before us results in no ambiguity. Had Ms. O'Brien raised a factual issue by establishing she was not suited by education, training or experience for one of the occupations which defendants' evidence showed Ms. O'Brien to be "reasonably fitted," this case might have been closer. This court is not free to find an ambiguity when none exists, nor are we free to re-draft the plan language so it would read "if applicant cannot perform her present or past occupations, applicant is entitled to disability."
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3